1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ERIC DEMONE CARPENTER,

            Petitioner,

   v.

U. S. JUSTICE DEPARTMENT FEDERAL
BUREAU OF PRISON, HECTOR RIOS,
Warden,

           Respondent.

_____/

1:12-CV-00688 LJO BAM HC

FINDINGS AND RECOMMENDATIONS
REGARDING PETITION FOR WRIT OF
HABEAS CORPUS

      Petitioner is a federal prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND

      At the time of filing, Petitioner was in the custody of the Bureau of Prisons at the United States Penitentiary located in Atwater, California[1], pursuant to a judgment of the United States District Court, Middle District of Florida, entered on October 5, 2005, following his conviction by jury trial of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). (Resp't's Answer, Ex. 1, <u>Ray Decl.</u>, Attach. 1.)  On February 16, 2006, Petitioner was sentenced to serve a determinate prison term of 120 months in federal prison. (Resp't's Answer, Ex. 1, <u>Ray Decl.</u>, Attach. 1.)

[1]Petitioner has since been transferred to Keeton Corrections, Inc., Jacksonville Community Service Center, in Jacksonville, Florida.

1    On May 1, 2012, Petitioner filed the instant petition for writ of habeas corpus in this Court.

2    Petitioner alleges that his sentence was not properly calculated and requests an earlier release date.

3    On October 15, 2012, Respondent filed an answer to the petition.  Petitioner did not file a traverse.

4                                          **DISCUSSION**

5    I.  Jurisdiction

6        Writ of habeas corpus relief extends to a person in custody under the authority of the United

7    States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or

8    constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28

9    U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's

10   execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See, e.g., Capaldi

11   v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  Kingsley v. Bureau of Prisons, 937 F.2d 26, 30

12   n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Brown v. United

13   States, 610 F.2d 672, 677 (9th Cir. 1990).  To receive relief under 28 U.S.C. § 2241 a petitioner in

14   federal custody must show that his sentence is being executed in an illegal, but not necessarily

15   unconstitutional, manner.  See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995)

16   (contending time spent in state custody should be credited toward federal custody);  Jalili, 925 F.2d

17   at 893-94 (asserting petitioner should be housed at a community treatment center);  Barden, 921 F.2d

18   at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for

19   time spent in state custody);  Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence

20   report used to deny parole).

21       In this case, Petitioner challenges the execution of his sentence.  Therefore, the Court has

22   jurisdiction to consider the petition pursuant to 28 U.S.C. § 2241.

23   II.  Venue

24       A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the

25   petition in the judicial district of the petitioner's custodian.  Brown, 610 F.2d at 677.  At the time of

26   filing, Petitioner was in the custody of the Bureau of Prisons at the United States Penitentiary in

27   Atwater, California, which is located within the jurisdiction of this Court.  28 U.S.C. § 2254(a);

28   2241(d).  Therefore, venue is proper in this Court.

III.  Exhaustion

A petitioner who is in federal custody and wishes to seek habeas relief pursuant to 28 U.S.C. § 2241 must first exhaust available administrative and judicial remedies. Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.1984).  It is only after a petitioner has fully exhausted his administrative remedies that he becomes entitled to present his claims to the federal court. See United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir.1982).  In Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir.1983) (per curiam), the Ninth Circuit explained why a petitioner must first exhaust his administrative remedies before filing for habeas relief: "The requirement of exhaustion of remedies will aid judicial review by allowing the appropriate development of a factual record in an expert forum; conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings. See also Chua Han Mow, 730 F.2d at 1313.

However, the exhaustion requirement was judicially created; it is not a statutory requirement. Chua Han Mow, 730 F.2d at 1313; Montgomery v. Rumsfeld, 572 F.2d 250, 252 (9th Cir.1978). Because exhaustion is not required by statute, it is not jurisdictional. Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir.1987), cert. dismissed, 488 U.S. 935 (1988); Montgomery, 572 F.2d at 252.  "Where exhaustion of administrative remedies is not jurisdictional, the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." Brown, 895 F.2d at 535.

The Bureau of Prisons ("BOP") has established an administrative remedy procedure governing prisoner complaints. The procedure is set forth at 28 C.F.R. §§ 542.10 et. seq. First, an inmate must attempt to resolve the issue informally by presenting it to staff before submitting a Request for Administrative Remedy.  28 C.F.R. § 542.13.  If dissatisfied with the response, the prisoner may proceed with the formal filing of an Administrative Remedy Request.  28 C.F.R. § 542.14.  Upon denial by the warden of the institution, the prisoner may appeal the decision by filing a complaint with the Regional Director of the Bureau of Prisons. 28 C.F.R. § 542.15.  The

1    Regional Director's decision may be appealed to the General Counsel in Washington, D.C.  Id.

2    Appeal to the General Counsel is the final step in the administrative remedy process.  Id.

3         Respondent contends that Petitioner has failed to exhaust his administrative remedies.  He

4    states that although Petitioner initiated the administrative process, he did not complete the process by

5    filing with the Regional Director or the General Counsel.  Review of the printout of the

6    computerized records maintained by the BOP reveals that although Petitioner sought relief at the

7    institutional and regional levels, he has not sought relief from the General Counsel.  (Resp't's

8    Answer, Ex. 1, Ray Decl., Attach. 8.)  Accordingly, the Court finds Respondent's arguments to be

9    persuasive.  The petition should be dismissed for failure to exhaust.  In any event, Petitioner's claims

10   are completely without merit.

11   IV.  Review of Petition

12        A.  Factual Background[2]

13        On October 8, 2002, the Jacksonville Sheriff's Office ("JSO") arrested Petitioner for an

14   expired tag, an open container, improper parking, driving with a suspended license, and possession

15   of a firearm by a felon.  He was held in custody until he was released on bond on January 15, 2003.

16   On March 15, 2003, he was arrested by the JSO for careless driving and driving with a suspended

17   license and released on March 16, 2003.  On March 20, 2003, he was arrested again for driving with

18   a suspended license and improper tag.  On April 9, 2003, he was sentenced to two days in jail with

19   credit for time served.  He remained in custody, however, on the charges stemming from the

20   October 8, 2002, arrest.  While still in custody, on July 10, 2004, Petitioner was charged with battery

21   in a detention facility.  On August 17, 2004, he was found not guilty of the October 8, 2002, felon in

22   possession of a firearm charge.  The remaining state charges from the October 8, 2002, incident were

23   dropped.  He remained in custody pending the outcome of the July 10, 2004, battery.  On September

24   16, 2004, he was found guilty of battery and sentenced to 100 days incarceration with credit for 70-

25   days time served.  He was released from custody but on June 14, 2005, he was again arrested by the

26   JSO and charged with possession of cocaine.  He was sentenced to 60 days in jail.

27   

28        [2]This information is derived from the Declaration of Management Analyst Alan Ray. (Resp't's Answer, Ex. 1, Ray Decl.)

1   On August 3, 2005, he was indicted by the grand jury of the U.S. District Court, Middle

2   District of Florida, on a felon in possession charge stemming from the events of October 8, 2002.

3   On August 9, 2005, he was arrested and taken into federal custody.  He was found guilty on October

4   5, 2005, and sentenced on February 16, 2006, to a term of 120 months.  Upon transfer to a BOP

5   facility, his sentence was computed.  His sentence commenced on February 16, 2006 (the day the

6   sentence was imposed).  He was given prior custody credit of 191 days from August 10, 2005 (the

7   date he was arrested), through February 15, 2006 (the date before his federal sentence commenced).

8   Petitioner filed a petition for writ of habeas corpus in the Middle District of Florida,

9   complaining that he was not awarded credit for certain qualified time periods spent in state custody.

10  The BOP contacted the Florida Department of Corrections and it was confirmed that he had not been

11  awarded credit against his state sentence for those time periods spent in state custody.  Therefore, the

12  BOP adjusted his sentence and awarded him 758 days of prior custody credit.

13  B.  Analysis

14  Petitioner contends the BOP miscalculated his sentence by failing to award him custody

15  credits for the time he spent in state custody.  As noted above, however, the subject of credits for

16  time spent in state custody was already adjudicated in the United States District Court for the Middle

17  District of Florida.  See Carpenter v. Warden, FCC Coleman - USP II, Case No. 5:08-cv-0307-Oc-

18  10GRJ (M.D.Fla. 2008).  Under the abuse of the writ doctrine, a successive petition that raises

19  identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1)

20  cause for bringing a successive petition and that prejudice would result or (2) that a fundamental

21  miscarriage of justice would result from failure to entertain the claim. Alaimalo v. United States, 645

22  F.3d. 1042, 1049 (9th Cir.2001), citing McCleskey v. Zant, 499 U.S. 467, 494–95 (1991); Sanders v.

23  United States, 373 U.S. 1, 15 (1963). The government bears the burden of pleading abuse of the writ.

24  McCleskey, 499 U.S. at 477.  Here, Respondent has alleged an abuse of the writ.  Therefore, the

25  Court must consider whether Petitioner has cause to bring a successive petition or that a fundamental

26  miscarriage of justice will result from failure to consider the claim.  Petitioner makes no such

27  showing in this case.  Therefore, the claim should be rejected as an abuse of the writ.

28  Regardless, Petitioner may not receive additional credit because doing so would constitute

1  unauthorized double credit.  The authority to compute a federal prisoner's sentence is delegated to

2  the Attorney General who exercises it through the Bureau of Prisons.  United States v. Wilson, 503

3  U.S. 329, 334-35 (1992); Allen v. Crabtree, 153 F.3d 1030, 1033 (9th Cir.1998), cert. denied, 525

4  U.S. 1091 (1999); 18 U.S.C. § 3621(a).

5          18 U.S.C. § 3585 provides:

6              (a) Commencement of sentence. - A sentence to a term of imprisonment
            commences on the date the defendant is received in custody awaiting
7            transportation to, or arrives voluntarily to commence service of sentence at, the
            official detention facility at which the sentence is to be served.

8
              (b) Credit for prior custody. - A defendant shall be given credit toward the
9            service of a term of imprisonment for any time he has spent in official detention
            prior to the date the sentence commences -

10              (1) as a result of the offense for which the sentence was imposed; or

11              (2) as a result of any other charge for which the defendant was arrested after
12            the commission of the offense for which the sentence was imposed;

13          that has not been credited against another sentence.

14  (Emphasis added.)

15          In Wilson, the Supreme Court noted that, under section 3585(b), "Congress made clear that a

16  defendant could not receive double credit for his detention time." 503 U.S. at 337.  Thus, under

17  section 3585(b), Petitioner is not entitled to custody credit if it was applied toward another sentence.

18  United States v. Von Willie, 59 F.3d 922, 930-931 (9th Cir.1995); United States v. Kramer, 12 F.3d

19  130, 132 (8th Cir.1993).  In this case, Petitioner has already been given all credit for time not applied

20  toward another sentence.  Pursuant to 18 U.S.C. § 3585(b), Petitioner cannot receive credit for

21  additional time, as that would constitute unauthorized dual credit. 18 U.S.C. § 3585.

22          Petitioner also vaguely appears to complain that he was not awarded the proper amount of

23  good time credits.  If that is the case, his claim is without merit.  As noted by Respondent, Petitioner

24  is entitled to good time credits for good behavior based on his "term of imprisonment."  18 U.S.C.

25  § 3624(b).  As further noted by Respondent, good conduct credits "can accrue only on the time a

26  prisoner has actually served on his federal sentence." Schleining v. Thomas, 642 F.3d 1242, 1247 (9th

27  Cir.2011), citing Barber v. Thomas, 130 S.Ct. 2499, 2506-07 (2010).  Therefore, Petitioner is not

28  entitled to any good time credits for the time he spent in state custody.

1    In this case, Petitioner was awarded the maximum amount of credits, 54 days, for each year

2    of federal custody, minus any deductions for forfeited or disallowed credits. (Resp't's Answer, Ex. 1,

3    Ray Decl., Attach. 7.)  Petitioner was disallowed credits for misconduct and for failing to make

4    satisfactory progress toward his General Education Development credential.  (Resp't's Answer, Ex.

5    1, Ray Decl., Attach. 7.)  After awarding all jail credit and good conduct time credit, Petitioner was

6    given a projected release date of April 2, 2013.  (Resp't's Answer, Ex. 1, Ray Decl., Attach. 8.)

7    Petitioner has not shown the computation to be erroneous.  He is not entitled to any additional credits

8    and therefore not entitled to an earlier release date.  Accordingly, the petition should be denied with

9    prejudice.

10                                           **RECOMMENDATION**

11    Accordingly, the Court HEREBY RECOMMENDS that:

12    1) The petition for writ of habeas corpus be DENIED WITH PREJUDICE; and

13    2) The Clerk of Court be DIRECTED to enter judgment.

14    This Findings and Recommendation is submitted to District Judge Lawrence J. O'Neill

15    pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice

16    for the United States District Court, Eastern District of California.  Within thirty (30) days after

17    being served with a copy of this Findings and Recommendation, any party may file written

18    objections with the Court and serve a copy on all parties.  Such a document should be captioned

19    "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall

20    be served and filed within ten (10) court days (plus three days if served by mail) after service of the

21    Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

22    (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive

23    the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

24    IT IS SO ORDERED.

25    Dated:   **December 19, 2012**                     **/s/ Barbara A. McAuliffe**
                                                        UNITED STATES MAGISTRATE JUDGE

26

27

28